while i was trying uh for the sheriff of orleans thank you um may it please the court on august 30th of 1994 troy taylor offered a woman a ride home when she got into his vehicle he locked the door drove her to a remote area and raped her she stated that his behavior after she got in the car made her fear for her life troy taylor was not identified as the perpetrator of this rape until 2010 16 years later when um a codis dna match to um dna taken from the victim identified him as the perpetrator in making a screening decision in this case um the district attorney's office elected to charge mr taylor with second degree rape and second degree kidnapping although mr taylor's conduct fit either second degree rape and second degree kidnapping or aggravated rape and aggravated kidnapping relying on louisiana code of criminal procedure article to be um which states that the six-year time limitations period um for in this case forcible rape um and the state believed that second degree kidnapping as well um was extended in sex crimes where the perpetrator was identified through a dna match article 572b stated that the statute shall apply retroactively to all crimes committed prior to june 20th of 2003 after mr taylor was charged his attorney filed a motion to quash regarding the second degree kidnapping arguing that it was untimely instituted but conceded in his filing that the forcible rape charge was timely based on article 572 that motion to quash was denied and in august of 2011 almost 17 years after she was raped the victim finally received justice when mr taylor was convicted of both charges um mr taylor appealed to the fourth circuit court of appeals which overturned his kidnapping conviction based upon untimeliness for the reasons urged in the motion to quash both parties sought writs to the louisiana supreme court both of which were denied the state took no further action at that time and taylor eventually filed an application for post-conviction relief alleging that his counsel was ineffective for failing to file a motion to quash the rape charge for the same argument used for the kidnapping charge the trial court denied this application but the fourth circuit overturned that ruling the state then filed a writ application to the louisiana supreme court which was denied in a 5-2 ruling with two justices stating that they would grant and docket the matter at this point a rapist's conviction has been fully overturned and he will be released from jail the state had no other option to hold him accountable for the 1994 and obtain justice for the victim but to obtain a superseding indictment for the charges of aggravated rape and aggravated kidnapping which do not carry a statute of limitations um mr taylor filed a motion to quash based upon black ledge and um this was denied at every level of the state court the trial court's ruling stated that the district attorney's office believed that the original charges were timely and the reliance on article 572 b was reasonable under the circumstances mr taylor then filed a federal habeas corpus petition in the eastern district of louisiana which was erroneously granted and the state is here today seeking reversal of that ruling uh the district court granted mr taylor's habeas petition based upon the finding that the state failed to rebut the presumption of vindictiveness that arises in a post appeal charging increase this ruling is erroneous for several reasons first the district court erred in failing to consider the procedural timeline of this case and the law that was in effect regarding specifically article 572 in 2011 when the stated that it is retroactive to all crimes committed before june 20th of 2003 there is no clarifying or restrictive language in that article and in 2011 there was no case law on point in louisiana that specifically interpreted article 572 b and restricted its application to defendants such as taylor it was not until 2015 that the louisiana supreme court decided state um versus nicholson nicholson was a defendant like taylor who was charged with a sex crime that occurred prior to um prior to the enactment of article 572 b and whose time limitations had expired by the time article 572 b was enacted there's a reason why sorry is there a reason why the state couldn't have just brought the aggravated counts on day one uh i think the the state i would argue that based upon the victim's trial testimony the more the the testimony fit either the less severe or the more severe counts and as for the factors that went into the decision to record um but in other words there was no reason why you could not have right there was there was no reason why we could not have but um why aren't you bound by that decision i mean isn't that the whole point of double jeopardy um well i think that to you know to to assert as mr taylor has that for a charging decision to have to be the most severe possible to withstand this kind of constitutional scrutiny that would harm defendants there's there's many many kinds of criminal conduct that would fit two different sets of statutes possession of drugs versus possession with intent is an example and those are judgment call that the district attorney's office would have to make on a case-by-case basis so in this case you may be right that the net effect of that is uh more charging but isn't that the whole point of isn't that the effect of double jeopardy in a sense or am i misunderstanding something about double jeopardy well the the double jeopardy issue is not before this court because um judge vance in the district court never made a ruling on it this is this is um whether the prosecution is not true your argument that we lack jurisdiction is completely wrong as long as it was raised in the district court there isn't any reason why we can't decide it the district court does not have to rule on every argument made for us to be able to rule on it we can affirm on any ground raised in the district court period end of story now if the appellee was trying to do something additional something that would grant them more relief then they would have to cross appeal but otherwise that's just completely wrong your statement about jurisdiction so you need to address the merits of the double claim now okay well she was so with respect to the double jeopardy claim um you know the um the mr taylor's original conviction was overturned and um it was there is no um there is no law that would prohibit the state from once that conviction is overturned um charging him with the higher crime the the case law cited by mr taylor um oppenheimer is not applicable to this case um and i would i would now return to the vindictiveness argument it's all on why not i mean i think you're gonna say oppenheimer is a case rather than a double jeopardy case but why why a different standard um well oppenheimer is just not um it's not applicable to this case where um the facts are as such where the um the district attorney's office is charging mr taylor with a different charge in the second indictment as opposed to the first indictment do you you we're dealing with a very uh careful district judge here and i have to assume that she had a reason for ruling on vindictive prosecution and not also ruling on double jeopardy at the same time admittedly they are both questions of law but do you have any speculation why she chose not to taylor has been improperly uh uh prosecuted for his rape that um uh he should not spend an extra day in jail but she also uh uh stayed her own order didn't she she did do you have any speculation about either her decision not to rule on double jeopardy or why she stayed so regarding the decision not to rule on double jeopardy the state did argue in the district court that a ruling on the double jeopardy would be premature at this point because taylor has not been convicted um after the second indictment so you know whether whether he's um convicted or not that hasn't been decided yet so any ruling on whether this prosecution places him in double jeopardy would be premature what case is that um well it's just he hasn't been what case supports that argument because the notion of double jeopardy is that you don't get tried twice not only that you don't get convicted twice well he you can't just keep trying people and go well if you're not convicted why not so you found not guilty let's try again oh you're found not guilty again well you don't get to appeal i mean the whole notion of double jeopardy is you don't have to sit through another agonizing trial um if double jeopardy applies so i don't understand this argument that he can't raise it now well he he hasn't been convicted his conviction has been reversed based upon timeliness he was not found to there was no finding that the evidence was insufficient or that the um there was an actual innocent question that's not a question that he hasn't been found guilty this time it's you're saying the prior appeal did not forever bar future prosecutions that's your argument yes he was never he was never what do you do with the argument that under louisiana law which is not the same as the delaware law we were debating last uh argument but that under louisiana law the statute of limitations is considered a race judicata-esque defense um well under i mean under under louisiana law there's nothing we would submit that there's nothing preventing the state from charging him with the higher charges that require different you know different elements and different proof and um seeking to hold him accountable that way because we are to the charging mistake in relying on article 572 b i want to go back to something you said earlier because i want to make sure i heard it correctly is your point that there's no double jeopardy problem here first case he was acquitted ultimately acquitted rather than he was never he was never acquitted um he was found he was you know he was convicted and um overturned right yes so why doesn't double jeopardy attach based on that event because it's not um you know it's not a um it's not a overturning based upon insufficient evidence or actual innocence and i think that's very important in considering um why judge vance may have stayed her order for release pardon my ignorance what what case stands for the proposition that double jeopardy doesn't attach depending on the reason why he was ultimately based on this insufficiency of evidence theory i'm just not following you i think that's under you know under louisiana law if a conviction is overturned for a procedural reason i'm talking about federal double double jeopardy i mean the text of it says you're not supposed to be subject to the case not triggering double jeopardy um because he was he was he was convicted of second degree rape and second degree kidnapping those charges were overturned for and now seeking aggravated charges that require different standards i i couldn't hear you i think the technology broke up could you just repeat it i'm sorry no i apologize for that he was he was convicted of second degree rape and second degree kidnapping and those um you know those those charges have specific essential elements but now the state is seeking to charge him with aggravated rape and aggravated kidnapping after that conviction was overturned on procedural grounds and aggravated rape and aggravated kidnapping have different elements that the state must meet um because he was never more they're not less i mean they're right they're more but the state has no other option to hold mr taylor accountable why you want to pursue this that's not the question the question is can you right and you know i would i would submit that we can um i i think the you know the main judge vance never made a ruling on the double jeopardy issue and i would speculate that it's because she also found it to be premature the ruling that she made was on the prosecutorial vindictiveness and we would submit that we have met made it you know a non-vindictive reasonable explanation for that charging decision okay you you have i i'm using my own timer because i can't read the one on the screen and i believe you've exhausted your time but you have time for rebuttal thank you and we'll recognize mr frampton um thank you your honor may it please the court thomas frampton for the appellee troy taylor mr taylor spent seven years in prison based on prosecutors charging decision that in the words of the district court reflected either quote inexcusable ignorance end quote or of the law or an intentional disregard for it the trial court did not commit clear error when it concluded that respondent had failed to rebut the presumption of vindictiveness that attached when that very same prosecutor who tried the case in 2011 obtained uh indictments for aggravated charges carrying a mandatory minimum of life in prison respondent now claims that an unforeseeable change in louisiana law occurred in 2015 and that the 2017 charging decision uh was merely an attempt to affix a purported mistake that was made in 2011 but as this court's recent decision in united states v devoren makes clear even if this chronology were true uh which is not which it is not such an argument would fail an earlier mistake in foregoing more serious charges does not rebut the presumption of vindictiveness that attaches post appeal under blackledge moreover every single blackledge case ever decided in this country fifth circuit states other federal courts has held that an infirmity in the initial charges obtained by the defendant's successful assertion of his rights or that was brought to light by the defendant's appeal cannot serve to dislodge the presumptions of vindictiveness that arises in the post trial setting and for good reason such a constitutional rule would have an enormous chilling effect on every other defendant in this country contemplating a meritorious appeal the district court did not err and certainly did not clear clear error when construing the evidence before it when it granted mr taylor relief and it would have been equally justified in doing so as well on mr taylor's double jeopardy claim about which sorry go ahead you haven't had your five minutes sorry please don't change i'd rather i'd rather take the court's questions well i'd say the the court would be equally justified in doing so about the double has had the opportunity and has opted to make no arguments whatsoever on the merits in their briefing before the fifth circuit um i want to focus on two key introductory points about the blackledge claim uh and then i'm happy to take any of the double jeopardy questions as well but my points concern the significance of united states v devoren and the significance of the unavailability of the uh initial charges devoren which was this court's most recent encounter with blackledge doctrine emphasized the prosecutors must point to an objective event quote apart from the defendant's appeal end quote to increase charges post appeal and it was actually a much harder case than this one it was a much it was just like this case prosecutors increased the severity of charges just like this case they argued they weren't trying to punish the defendant they were merely trying to hold him accountable for his criminal wrongdoing and to make the point that the united states attorney in usv devoren actually took the original prosecutor off the case and i believe terminated her employment and so the new charges were brought in by a fresh prosecution team uh to dissipate any of the taint that might attach or appear at the frampton i don't understand why it doesn't remove the taint of vindictiveness i mean vindictiveness is something that ordinarily is intentional and here you have a charging decision made the first time around in 2011 in light of whatever the prosecutor thought was appropriate and in 2015 that charging uh decision is vindicated correct no you're by the state supreme court your honor i want to be very clear on this point there was no change at any point in louisiana law i understand that extended the statute of limitations and then the louisiana supreme court ruled on nicholson now is a reasonable if this were a some other official acting under color of a state statute and a state supreme court decision we would hold that they at least had qualified immunity so attaching the term vindictiveness under these circumstances it seems to me is over the top yes your honor and i want to underscore this point for the presumptive vindictiveness claim that was ruled upon by the trial court under united under blackledge v perry itself no showing of subjective ill will malice or anything of that sort is actually necessary in that regard vindictiveness is something of a misnomer to the species of constitutional claim that's being brought here it's a prophylactic rule that can succeed as in blackledge itself where the supreme court granted relief despite expressly saying we don't suggest that there's any hint of malice or ill will on the part of prosecutors to get to your what is it that would um overturn or overcome a presumption of vindictiveness i understand that it doesn't require malice and all that kind of stuff so what would overcome that that did not happen here judge haynes in the post appeal setting where the presumption of vindictiveness concededly attached and the question is what rebutts it although the fifth circuit has not said this other courts generally talk about two different types of showings that rebut the presumption of vindictiveness one of them is prior legal impossibility for example if somebody who is badly battered uh ends up dying in the course of the pendency of the appeal and that way the a more serious charge perhaps a homicide or a manslaughter charge is brought in the second indictment that's relevant to the question judge ho started off by asking is there any infirmity or reason that they couldn't have been brought in the first instance the second is discovery of new evidence uh if there was discovery of new evidence that had been uh shown proven the court held an evidentiary hearing uh that would in some way uh but just to be clear that's not exhaustive right i mean any objective event would be enough i i you're just giving examples where we found an objective event but there are certainly others i not i'm not that i'm aware of judge ho in the fifth circuit um but i would i'm not would you acknowledge that you're talking about cases where we found objective events we've never said that that's exhaustive that there couldn't be other objective that is correct judge ho um why is this case why does this case not provide an objective event well because it has to be an objective event that's discreet and apart from the defendant's successful appeal which is what the court said in united states v devore here as prosecutors acknowledge uh the the charges were brought directly in response to uh mr taylor successfully asserting his rights on appeal and i want to go back up mr frampton are you arguing that it's always vindictive to recharge under a a more onerous statute no your honor but we are arguing that's the but that's the crux of your event so you say he should not have been recharged at all no your honor i think that it would not necessarily violate blackledge uh and would be a presumptive vindictiveness claim uh that was on that it could be rebutted if for example there was prior legal impossibility to bringing the initial charges well i mean so if they charge if they were to come back and charge him with something like unauthorized use of a motor vehicle which i you know it's off the table here but factually i presume but if they were to do that or if there's some lesser charge than kidnapping sexual abuse of a minor or something like that you could not argue it was vindictive correct i think it's a much harder argument to argue the presumptive vindictiveness how would we rule okay so how would you propose us to rule uh that there is um vindictiveness without also implying if not or holding that you you cannot rebut the presumption whenever you charge a more serious crime no your honor i'm not asking the fifth circuit to adopt any kind of new rule or any kind of rule tell me how you're a professor tell me how you would articulate that holding your honor i i would articulate precisely as the as this circuit did in the united states v devoren that a prosecutor who has conceded that the presumption of vindictiveness has already attached cannot rebut that presumption without pointing to an objective event that is discreet from the defendant's appeal to justify the new charging decision that was the holding of devoren and that's all we need here and certainly the district court did not commit clear error when it weighed the sum of the evidence because there's quite a few other things that have happened since 2017 uh that are peculiar and unusual and discreet about this case well don't try to justify your defendant on the basis of the plaintiffs having a criminal record i mean the fact is it's rape and we can't get around that judge jones i certainly wasn't suggesting as much um i was suggesting uh that in this case there have been a host of sort of other things that have happened until 2017 including um some incredibly unusual uh procedural moves with respect to plea offers with respect to uh asking mr taylor to waive certain rights with regards to affirmative misrepresentations by the same prosecutor many of those go more to the court below but let me ask you that if we were to uh overrule the finding of presumptive vindictiveness and double jeopardy would we need to send it back for um an evidentiary ruling or a factual ruling on actual vindictiveness given that this prosecutor's conduct has been sort of questionable and in your view yes your honor and i don't believe there's any disagreement from the appellant on that matter i think at the end of the reply brief they suggest that that would be the appropriate course of action i do want to go back to a point that judge jones raised though analogizing to the qualified immunity uh sort of question the precise argument that's being advanced here with respect to the question of whether there was a change in louisiana law in 2015 was already litigated and decided adversely to the appellant in louisiana state court when mr taylor's ineffective assistance of counsel claim went up on state post-conviction relief the entire argument advanced by the orleans parish district attorney's office was yes sure we understand that this case uh this charge was time barred but given nicholson given the state of louisiana law it wasn't objectively unreasonable for a attorney uh to otherwise in 2011 and 2017 louisiana courts rejected that that said that's nonsense because there was never any appellate court holding or louisiana supreme court holding in 2017 that remotely suggested uh that in any way that this would be a constitutional thing to do moreover i would point out to the court in 13 mr taylor's kidnapping conviction was uh vacated on stagner or any of these other statutes so it somewhat defies credulity to assert or to claim that it wasn't until 2015 until this ruling in 2015 by the louisiana supreme court that it became possible to anticipate that these were time barred charges when in fact your point is basically the state the state screwed up they made they made a bad prediction on where the courts would go your honor we take no position as to whether this was a mistake or whether as the district court suggested it might have been something uh more serious than a than a mistake no my my point is i think what you're saying is uh there's no change in law because the state was unreasonable and how it predicted the appellate court's rule correct and it may be even what i'm not sure about is why is that not still an objective event whether the whether whether the state should have predicted it or not it still is a an event external to what the state's doing why does that not that because it's not an event that is external to the assertion of rights that mr taylor made on appeal if in fact what you just articulated judge ho was the rule for black ledge uh then in fact any time a prosecutor made a mistake uh and it was uh revealed on appeal that counted as an objective event then there would be no black ledge doctrine because any time the defendant successfully asserts his rights there's been some sort of mistake a mistake of law a mistake of fact a mistake of strategy a mistake of some sort that was made by prosecutors and the closest parallel i'd say would be united states v ladew the sixth circuit case from 2013 in that case just like this one involved a very serious accusation of sexual misconduct there was a distribution of child pornography case and the prosecutors made a allowed them to seize and obtain critical evidence after the defendant successfully asserted his rights on appeal prosecutors instituted more serious conspiracy charges which they could approve without the suppressed evidence and the sixth circuit had no trouble considering these exact same argument that's being advanced here we just made a mistake we're not trying to punish the appeal we're just trying to hold the defendant accountable for some very that's really not that's really not what they're arguing but uh i think we've plowed this ground pretty thoroughly would you go on to explain why this uh uh retrial would be unequivocally barred by double jeopardy right yes your honor and if it pleases the court i i don't presume as to why uh judge vance did not reach this question uh i would just suggest that it's not for the reason uh suggested by my friend that it's not ripe yet um under very clear fifth circuit precedent showery v san maniago which the district court actually cited at page nine of its opinion uh it's very clear that double jeopardy claims are ripe and can be asserted the right that's being asserted is contesting the very authority of the government to hail the defendant into court to face charges the second time so i don't think that's the reason that the trial court didn't reach it i think maybe it was just my mistake i listed it second and throughout the pendency of mr taylor's habeas petition uh we filed a request for expedited rulings um mr taylor i'm afraid in the three years that he was waiting in state court uh became suicidal we were deeply concerned about his his physical health and we asked for a ruling as quickly as possible the district court did of course stay her decision uh but i don't know that that was necessarily um or an improper thing to do it created at most a couple extra days that mr taylor uh was in in jail and then this court of course vacated uh and dissolved the stay upon review upon reviewing our motion to dissolve the stay but as to the merits uh our position is very clear uh the the state's argument below is that there are certain types of trial errors for which the double jeopardy clause does not prohibit retrial for example a bad jury instruction some kind of evidentiary error ruling and under the theory of continuing jeopardy the prosecution is given another opportunity to try the defendant well what's your what's your bet i mean statute of limitations doesn't go to the defendant's guilt nor to any element of the crime uh so what is your um uh for saying that um uh it somehow is substantive and you know uh therefore um double jeopardy applies oppenheimer is not on point some and apparently even the supreme court has acknowledged that oppenheimer is not directly on point your honor our best federal case is oppenheimer and our best state case i think was alluded to by judge ho is state v latz he'll cited at page 51 of our brief that's 92 southern second 63 in which case the louisiana supreme court said quote so much is this so that a valid prescriptive plea which is louisiana speak for statute of limitations has the effect of not only protecting the accused against conviction and punishment but also of relieving him of ever being tried for the same offense and are we empowered as a federal court to to rule on the status of that louisiana law your honor that was louisiana law i believe actually interpreting the federal constitutional right that's obviously not binding on the fifth circuit but we think it's sound it doesn't make an awful lot of sense to treat double jeopardy as the sort of right that allows for a remand and then retrial which importantly is actually why if you look closely at the louisiana court opinion when they vacated his convictions this time bard um mr taylor was never had his case remanded to the trial court the convictions were simply vacated and the case was supposed to be done now his final conviction was vacated in april of 2017 he was held in prison for two more months and then finally the indictment was returned but at no point did any louisiana court suggest that once you vacate a conviction on dean time bard that the appropriate thing to do is to remand as you would any any other case where an error was found akin to the one that uh opposing counsel has suggested that this right uh is more similar to so what what do you do in the case i'm sorry oh no i was just asking him other than oppenheimer in this louisiana case do you have any other circuit case law well my question is helpful because what do you think about krolski which obviously argues the other way from what you're saying well judge jones i think what i would say is that this is uh an extraordinarily underdeveloped area of law for for reasons that are unique to louisiana criminal procedure that i dealt address at the very few last pages of our brief in the federal system in texas in basically every other state in america uh when a a charge is time barred uh if the excuse me if the jury returns a verdict of guilty of that time bar charge in the context of a trial for a greater charge that's not a conviction that can't be done by prosecutors uh the time bar charge is simply time barred louisiana has a very odd and quirky sort of rule that says that if the top charge is not time barred and prosecutors obtain and secure a conviction for the lesser included uh that's a permissible conviction so i think it's only because we have this extraordinarily unusual uh sort of quirk of louisiana criminal procedure i understand you're saying there's little law because most states preclude this type of action as a matter of state law but i thought krolski the second circuit case seemed to say that uh a time bar uh situation does not trigger number jeopardy and your honor i i apologize to the court uh it i i am i'm not prepared to give you the answer that that question deserves uh i'd have to review it i think that we are uh squarely within what oppenheimer referred to particularly given the absence of any sort of merits arguments by by the respondent appellee appellant in this case well i'm happy to provide supplemental briefing for referring to krolski 316 f third 103 second circuit all right and your honor i i see that i'm out of time i don't know that i have any better answer for that right now but i'm happy to brief it if the court uh so requests or instructs well normally that's not required but if i suppose if this court is going to take this up as a matter of law we might need extra briefing from both sides uh but we'll we we would advise you about that later on all right we'd hear from mr uh such a co miss sachikova rebuttal you're muted i'm sorry i always forget to unmute um i would first like to address um my opposing council's united states v dworen um dworen and all other cases cited by both um opposing council and the district court are distinguishable from this case in dworen the prosecution or the the defendant's conviction was overturned based upon a finding of uh prosecutorial misconduct i believe uh withholding of evidence or some other kind of ethical violation and it was only after that that the state brought more severe charges and the reason that this honorable court found that the explanation of making a mistake did not rebut the presumption of vindictiveness is because there was no objective evidence in the record that anyone actually made a mistake in contrast in this case the the state's initial reliance on article 572 and the belief that it could charge either the less severe or the more severe charges because both were timely is a reasonable explanation um although there may have been law in louisiana or federal law prior to 2011 regarding uh ex post facto clause there was no law on point in louisiana that directly interpreted and restricted the application of article 572b and uh you know i think it would be unreasonable and incongruous to ask on to his argument that blackledge basically just goes away if you say that every time the prosecutor makes a mistake that can be undone then isn't it true that every time the defendant wins the prosecutor's gonna be able to say i made a mistake and black just kind of goes out the window how do you respond to that well i think there's different there's different kinds of mistakes like you know there's there's the mistake that happened i'm air quotes but the mistake that happened in boren of the ethical violation where there was no actual evidence that any mistake was made there's some kind of error in the suppression hearing as um was referenced in united states vs lido and then there's on the other end there's a mistake like this where the state in good faith relied on an article that was presumed to be valid as written that the defendant's own attorney believed applied to the to this case because he conceded in his motion to quash that the forcible rape was also timely and i was going to be ineffective for that i mean you we do us and we have criminal cases so i don't know that the concession of a defendant's attorney really ends the matter right but the the trial court also found it to also found article 572 to apply to these circumstances to you know to ask a screening prosecutor to parse the law where she doesn't have the benefit of hindsight like we do where no one else has interpreted she had just brought the higher charge and then the lesser included charge and then the jury could decide based on the evidence presented and maybe they would have convicted him of the higher one maybe not and then we'd be done and i you know i don't know that information your honor um there was the opposite the mr taylor was given the opportunity to have an evidentiary hearing on this issue um but he withdrew the subpoenas for that hearing so there's no evidence in the record of exactly why the discretion was utilized to bring the lower charges maybe maybe his attorney agreed uh that there was no statute of limitations problem on lesser offense because he didn't want his client subjected at that point to the greater that's a very good point it's it's kind of bizarre to think that if if his attorney had filed the motion to quash prior to trial the state could have brought the superseding indictment and been in the province of the you know more favorable pre pre-appeal um standard for much heavier burden of proof that there is some doubt here could have been met yes why they didn't bring it in the first place because i think prosecutors are trying except when they're pleading you know doing a plea negotiation that's separate but when they're filing actions and seeking indictments it is trying to punish the person fully which is appropriate so they made that decision based on the evidence they had and i don't change i don't i don't know again why it was brought but the victim did testify at trial that she feared for her life based upon taylor's conduct in the car when he locked the door and began driving and told her to shut up and in you know in context with the size differential between the victim and mr taylor that would fit the um elements of an aggravated rape all right um a lot of time thank you very much we have both your arguments it's another very interesting case we appreciate your time thank you